UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL DEVINE                                                                  PLAINTIFF

v.                                                CIVIL ACTION NO. 3:13CV486-S

MIDLAND FUNDING, LLC et al.                                  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Midland Funding, LLC and Midland Credit Management, Inc. (collectively herein, "the Midland defendants," unless otherwise specified), to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff has not responded to the motion.

The plaintiff, Michael Devine, filed this action in the Jefferson County, Kentucky, District Court, Division 1. The Midland defendants removed the action under our federal question jurisdiction.

The complaint alleges that the Midland defendants' "acts and/or omissions detailed herein constitute multiple violations of the Fair Debt Collection Practices Act," ("FDCPA") (Count I), and "constitute multiple violations of the Fair Credit Reporting Act," ("FCRA") (Count II). The "acts and/or omissions detailed" in the complaint are alleged as follows:

    (a) Midland Funding purchased the charged off debt of Mr. Devine's consumer credit card.

    (b) Midland Funding added charges and interest to the account without a contractual and/or statutory right to do so.

    (c) Midland Funding retroactively added charges and interest for the time period between when the debt was charged off by Target National bank and prior to when the debt was purchased by Midland Funding.

    (d) The Midland defendants reported negative information to the major credit reporting agencies regarding this account, including falsely reporting the size of the debt.

    (e) Midland Credit Management sent dunning letters to Devine which did not identify the original amount of the debt.

Compl., ¶¶ 8, 10-13.

  The Midland defendants urge that the complaint fails to meet the federal pleading requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss, the court must "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the claim. *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 902 (6th Cir. 2009). To quote *Iqbal*, 556 U.S. at 678, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

  Devine makes the bare allegations that Midland Funding purchased his credit card debt, added charges and interest to the balance, and Midland Funding and Midland Credit Management reported negative information on the inflated amount to the credit reporting agencies. Devine then concludes generally that the defendants violated the FDCPA and the FCRA. He does not cite any provision of the statute which he contends were violated by the defendants. The complaint does not contain factual allegations which are sufficient to "raise a right to relief above the speculative level," and it fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also GMAC Mortgage, LLC v. McKeever*, No. 08-459-JBC, 2010 WL 3470312 (E.D.Ky. Aug. 31,

2010)(failure to identify any provision of FDCPA or FCRA; dismissed); *Drew v. Kemp-Brooks*, 802 F.Supp.2d 889 (E.D.Mich. 2011)(not "concrete enough to warrant further proceedings;" no provisions of FDCPA identified; claim dismissed).

As noted, the plaintiff has failed to respond to the motion. Therefore, the court having found the complaint deficient, it must be dismissed for failure to state a claim upon which relief may be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

July 12, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**